| | | |
|---|---|---|
| JOHN S. INMAN and MARILYN B. INMAN,<br><br>Plaintiffs,<br><br>v.<br><br>BIOMET, INC., BIOMET ORTHOPEDICS, LLC, BIOMET MANUFACTURING, LLC, ZIMMER BIOMET HOLDINGS, INC., ORTHOCAROLINA, P.A., and BIOMET U.S. RECONSTRUCTION, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

**THIS MATTER** comes before the Court on: (1) Plaintiffs' Motion to Remand and Motion for Costs, (Doc. No. 14); (2) Defendant Zimmer Biomet Holdings, Inc.'s ("Zimmer") Motion to Dismiss for Lack of Personal Jurisdiction, (Doc. No. 10); (3) Defendant OrthoCarolina, P.A.'s Rule 12(b)(6) Motion to Dismiss, (Doc. No. 22); (4) Defendants Biomet, Inc., Biomet Orthopedics, LLC, Biomet Manufacturing, LLC, Biomet U.S. Reconstruction, LLC, and Zimmer's (collectively, the "Biomet Defendants") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1406(a), (Doc. No. 24); and (5) the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 35).

## I.    BACKGROUND

On February 21, 2019, Plaintiffs filed a Complaint against Defendants in the Superior Court of Bladen County, North Carolina. (Doc. No. 1-1.) On March 25, 2019,

the Biomet Defendants removed the action to the United States District Court for the Western District of North Carolina on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(2). (Doc. No. 1.) The Biomet Defendants asserted that complete diversity between Plaintiffs and all properly named Defendants existed because although Defendant OrthoCarolina is a citizen of North Carolina, as are Plaintiffs, OrthoCarolina was fraudulently joined and thus it should be disregarded for purposes of diversity jurisdiction.

Defendant Zimmer filed its motion to dismiss under Rule 12(b)(2) on April 1, 2019. (Doc. No. 10.) Plaintiffs filed their motion to remand on April 24, 2019. (Doc. No. 14.) Defendant OrthoCarolina filed its motion to dismiss under Rule 12(b)(6) on May 3, 2019. (Doc. No. 22.) The Biomet Defendants filed their motion to transfer venue on May 8, 2019. (Doc. No. 24.)

In the M&R, the Magistrate Judge recommended that this Court (1) grant Plaintiffs' motion to remand and award Plaintiffs their reasonable costs incurred in filing their motion for remand, (2) deny the Biomet Defendants' motion to transfer venue, (3) and deny without prejudice Zimmer's and OrthoCarolina's respective motions to dismiss. (Doc. No. 35, at 11.) The Magistrate Judge advised the parties of their right to file objections within fourteen days, (Doc. No. 35, at 11); however, no objections were filed, and the time for doing so has expired.

## II.   STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations."  28

U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

III.    DISCUSSION

As no objection to the M&R has been made, the parties have waived their right to de novo review of any issues covered in the M&R. After review of the M&R and the entire record, the Court determines that the recommendation of the Magistrate Judge to grant Plaintiffs' motion to remand is fully consistent with and supported by current law. Having concluded that Plaintiffs' motion to remand should be granted, the Court need not resolve the remaining motions.

IV.    CONCLUSION

**IT IS THEREFORE ORDERED** that the Magistrate Judge's M&R, (Doc. No. 35), is **ADOPTED in part**. Plaintiffs' Motion to Remand and Motion for Costs, (Doc. No. 14), is **GRANTED**. This matter shall be remanded to Bladen County Superior Court. Plaintiffs shall be awarded their reasonable costs incurred in filing their motion. Plaintiffs shall file an affidavit or other evidence of their reasonable costs **within fourteen days** of the date of this Order.

Signed: February 21, 2020

Robert J. Conrad, Jr.
United States District Judge